COPY

**PERKIN & FARIA, LLLC**
JOHN FRANCIS PERKIN        1673
BRANDEE J.K. FARIA         6970
KRISTINA M. HANSON         10386
841 Bishop Street, Suite 1000
Honolulu, Hawaii 96813

**BICKERTON DANG LLLP**
JAMES J. BICKERTON         3085
745 Fort Street, Suite 801
Honolulu, Hawaii 96813
Telephone: (808)599-3811

Attorneys for Plaintiff HAZEL BROWN
BARTHOLOMA, individually and on behalf
of all others similarly situated.

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2016 JAN 21  PM 4: 10

F. OTAKE
CLERK

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| HAZEL BROWN BARTHOLOMA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARRIOTT BUSINESS SERVICES, MARRIOTT INTERNATIONAL, INC., ESSEX HOUSE CONDOMINIUM CORPORATION, and DOE DEFENDANTS 1-50,<br><br>Defendant. | Civil No. 16-1-0104-01 ECN<br>(Class Action)<br><br><br><br>**COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS; CERTIFICATE OF SERVICE** |

## COMPLAINT

Plaintiff HAZEL BROWN BARTHOLOMA individually and on behalf of all persons similarly situated (collectively "Plaintiff"), for complaint against Defendant MARRIOTT HOTEL SERVICES, INC., MARRIOTT ADMINISTRATIVE SERVICES, INC., and DOE DEFENDANTS 1-50, (collectively "Defendant" or "Hotel"), alleges and avers as follows:



I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit



EXHIBIT A

## Parties

1. Plaintiffs HAZEL BROWN BARTHOLOMA are, and at all times relevant hereto were, residents of the City and County of Kauai, State of Hawai'i.

2. At all material times, Defendants MARRIOTT BUSINESS SERVICES, MARRIOTT INTERNATIONAL, INC., and ESSEX HOUSE CONDOMINIUM CORPORATION are and were doing business in the State of Hawaii (collectively "Defendant" or "Hotel").

3. Doe Defendants 1-50 are persons, partnerships, associations, companies, corporations, employers or co-employers, or entities whose names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiff or their attorneys, except that Doe Defendants 1-50 were and/or are connected in some manner with the named Defendant and/or were the agents, principals, parents, subsidiaries, servants, employees, representatives, co-venturers, associates, consultants, owners, lessees, lessors, guarantors, assignees, assignors, licensees, and/or licensors of Defendant and were or are in some manner presently unknown to Plaintiff, or their attorneys engaged, or involved in the activities alleged herein or responsible for the activities of which Plaintiff complain, or should be subject to the relief Plaintiff seek. Plaintiff pray for leave to certify the true names, identities, capacities, activities and/or responsibilities of Doe Defendants 1-50 when, through further discovery in this case, the same are ascertained. Plaintiff have made a good faith effort to identify said Doe Defendants prior to filing the Complaint, including interviewing witnesses and reviewing documents and records on file with the Department of Commerce and Consumer Affairs and the Circuit Court of the First Circuit.

## Class Action Allegations

4. Plaintiff brings this case as a class action pursuant to Rule 23 of the Hawai'i Rules of Civil Procedure, on behalf of themselves and all others who are similarly situated consisting of:

> All past and present non-management employees of the Hotel who provided services in connection with the sales of food and/or beverage at the Hotel for which a service charge or gratuity charge was: (a) imposed by the Hotel and (b) not distributed 100% to said non-management employees.

The period during which the foregoing events occurred is hereafter referred to as "the Class period." The term "Hotel" is defined as the Marriott's Kaua'i Beach Club.

5. On information and belief, during the Class Period over 50 servers, porters, bartenders and other employees of Defendant have worked on banquets and other food and beverage service events at the Hotel in connection with which the Hotel customers were charged a fee denominated as a service charge or "gratuity". Thus, the members of the Class are sufficiently numerous that joinder of all members in a single action is impracticable. The members of the Class resided in the state of Hawaii during their employment, and on information and belief, the vast majority, if not all members, continue to reside in the State of Hawaii presently.

6. A class action is appropriate in this case for one or more of the following reasons:

    a. The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, the amount at stake for

many of the Class members, while not insignificant, is not great enough to enable each of them to maintain separate suits against Defendant.

   b. Many members of the Class are still employed at the Hotel and would be afraid to seek vindication of their rights through an individual action even if such were cost effective because of the fear or jeopardizing or losing their employment and livelihood.

   c. The Defendant has acted on grounds generally applicable to the Class, making appropriate declaratory relief with respect to the Class as a whole as set forth below.

   7. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Among the questions of law and fact common to the named Plaintiff and the Class are, *inter alia:*

    a) Whether Defendant imposed service charges on the Hotel customers for food and beverage and retained portions of such charges instead of distributing it to the employees who provided the service; in violation of HRS §481B-14;

    b) Whether Defendant's above-described conduct violates HRS §388-6;

    c) Whether Defendant's above-described conduct is an unfair method of competition in violation of HRS Chapter 480; and

    d) The nature and extent of class-wide injuries and the measure of damages for the injuries.

## Allegations of Wrongdoing and Damage

12.  Plaintiff HAZEL BROWN BARTHOLOMA is an employee of Defendant MARRIOTT INTERNATIONAL INC. through its subsidiary ESSEX HOUSE CONDOMINIUM CORPORATION and has worked at the Marriott's Kaua'i Beach Club since February 2003.

13.  At the majority of food and beverage sales, Defendant charged the customers of the Hotel a "service charge" or "gratuity" that was calculated as a percentage of the total cost of food and beverage, typically ranging between 18% and 22%. Defendant failed to distribute all of the service charge to the non-managerial employees who provided the service of the food and beverage to the customers, including Plaintiff and all other members of the proposed Class. Although in most or all instances a portion of the service charge was paid to Plaintiff and the other employees who rendered the service, in each instance at least a portion of the service charge was retained by the Hotel. Until recently, Defendant failed to disclose to customers that a portion of the service charge was not distributed to the employees and was in fact retained by the Hotel.

14.  The foregoing conduct by the Defendant occurred on multiple occasions during the Class Period. Each instance of said conduct – charging a service charge and retaining a portion thereof without clearly disclosing such retention to the customer – was and is a violation of HRS §481B-14, HRS § 480-2, and HRS § 388-6. By virtue of aforesaid violations of Section 481B-14, Defendant has violated HRS § 480-2 and HRS § 388-6.

15.  The competition in which Defendant is and was engaged or participating is the competition with other providers of hotel, restaurant and banquet services, and competition with Plaintiff and the Class for tips and/or the service charge. Defendant derives an unfair advantage

over their law-abiding competitors and Plaintiff by (a) lowering their overall costs through the means of retaining tip income due under law to Plaintiff and other Class members, (b) attracting customers by being able to offer customers seemingly lower "base" prices than law-compliant competitors through the retention of tip income, and (c) misleading customers into believing that the service charge would be paid as tip income and thereby obtaining the business of customers through an unfair and illegal business advantage over law-compliant hotel, restaurants and banquet service providers, and thereby obtaining the customers' monies at the expense of Plaintiff.

16. These unfair competitive advantages were gained by Defendant at the direct expense of Plaintiff and other members of the Class, and Plaintiff and the Class members were injured as a result of Defendant's unfair method of competition and Defendant's unfair competitive behavior in the hotel food and beverage market.

17. In the absence of the required disclosure to customers, all such service charges were payable in full to the employees who rendered the services, including Plaintiff and the other members of the proposed class.

18. Defendant has failed to pay the entire service charge to said employees, as a result of which Plaintiff and the other members of the proposed class have been injured in their business or property within the meaning of HRS Section 480-13(a), each in amounts that shall be proved at trial but in excess of any minimum jurisdictional amount of this Court. On information and belief, the wrongfully withheld service charges for Plaintiffs' claim, including all treble damages and attorneys' fees incurred as of the date of filing, is less than $75,000. By virtue of the foregoing, Plaintiff and other members of the proposed class are entitled to treble damages in accordance with HRS Section 480-13(a).

19.   Defendant has failed to pay the entire service charge to said employees, as a result of which Plaintiff and the other members of the proposed class are entitled to full payment and double damages plus interest under HRS Chapter 388.

WHEREFORE, Plaintiff HAZEL BROWN BARTHOLOMA, individually and on behalf of all those similarly situated, prays for relief as follows:

(1) For damages against the Defendant in an amount to be determined at trial;

(2) For reimbursement of costs and expenses, including reasonable provision for attorneys' fees in accordance with HRS Chapter 388 and Chapter 480;

(3) For prejudgment interest;

(4) For double or treble damages as provided by law;

(5) For declaratory judgment and a permanent injunction concerning Defendant's actions described above; and

(6) For such further and additional relief as the Court deems appropriate and just.

DATED: Honolulu, Hawaii, _January 21_____, 2016.

_____
JOHN FRANCIS PERKIN
JAMES J. BICKERTON
BRANDEE J.K. FARIA
KRISTINA M. HANSON
Attorneys for Plaintiff
HAZEL BROWN BARTHOLOMA,
individually and on behalf of all others similarly situated.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| HAZEL BROWN BARTHOLOMA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARRIOTT BUSINESS SERVICES, MARRIOTT INTERNATIONAL, INC., ESSEX HOUSE CONDOMINIUM CORPORATION, and DOE DEFENDANTS 1-50,<br><br>Defendant. | Civil No.<br>(Class Action)<br><br><br>**DEMAND FOR JURY TRIAL** |

## DEMAND FOR JURY TRIAL

Plaintiff HAZEL BROWN BARTHOLOMA, individually and on behalf of all others similarly situated, hereby demand a trial by jury as to all issues so triable in the above-entitled cause. This Demand for Jury Trial is made pursuant to Rule 38 of the Hawaii Rules of Civil Procedure.

DATED: Honolulu, Hawaii, January 21, 2016.

JOHN FRANCIS PERKIN
JAMES J. BICKERTON
BRANDEE J.K. FARIA
KRISTINA M. HANSON
Attorneys for Plaintiff
HAZEL BROWN BARTHOLOMA,
individually and on behalf of all others similarly situated.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| HAZEL BROWN BARTHOLOMA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>MARRIOTT BUSINESS SERVICES, MARRIOTT INTERNATIONAL, INC., ESSEX HOUSE CONDOMINIUM CORPORATION, and DOE DEFENDANTS 1-50,<br><br>    Defendant. | Civil No.:<br>(Class Action)<br><br><br>**SUMMONS** |

## **SUMMONS**

STATE OF HAWAII

**To the above-named Defendant(s):**

You are hereby summoned and required to file with the Court and serve upon PERKIN & FARIA, LLLC, attorneys for Plaintiff, whose address is Davies Pacific Center, 841 Bishop Street, Suite 1000, Honolulu, Hawaii 96813, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this Summons, personal delivery during those hours.**

**A failure to obey this Summons may result in an entry of default and default judgment against the disobeying person or party.**

DATED: Honolulu, Hawaii, _____JAN 2 1 2016_____, 2016.

F. OTAKE    (SEAL: FIRST CIRCUIT COURT STATE OF HAWAII)

CLERK OF THE ABOVE-ENTITLED COURT