IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAZEL BROWN BARTHOLOMA, ET AL., | ) ) | CIVIL NO. 18-00044 JMS-RLP |
| | ) | FINDINGS AND RECOMMENDATION TO |
| Plaintiffs, | ) | GRANT PLAINTIFFS' MOTION FOR |
| | ) | REMAND |
| vs. | ) | |
| | ) | |
| MARRIOTT BUSINESS SERVICES, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFFS' MOTION FOR REMAND[1]

Before the Court is Plaintiffs' Motion for Remand,
filed March 2, 2018 ("Motion").  ECF No. 10.  Defendants filed
their Opposition on March 15, 2018.  ECF No. 13.  Plaintiffs
filed their Reply on March 29, 2018.  ECF No. 15.  The Court
found this matter suitable for disposition without a hearing
pursuant to Rule 7.2(d) of the Local Rules of Practice of the
United States District Court for the District of Hawaii.  ECF No.
12.  After carefully reviewing the submissions of the parties and
the relevant legal authority, the Court FINDS and RECOMMENDS that
the district court GRANT Plaintiff's Motion.

---

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

BACKGROUND

Plaintiffs, who are Defendants' food and beverage service employees, allege that they were damaged by Defendants' practice of imposing a service charge on food and beverage services on its customers and then failing to allocate that service charge to Plaintiffs as tips.  Plaintiffs filed their original Complaint on January 21, 2016, and their First Amended Complaint on March 8, 2016.  ECF Nos. 5-3, 5-4.  The First Amended Complaint asserts a claim for unfair methods of competition in violation of Hawaii Revised Statutes Chapter 480 and requests treble damages pursuant to Chapter 480.  ECF No. 5-4.  The First Amended Complaint specifically alleges that "the wrongfully withheld service charges for Plaintiffs' claim, including all treble damages and attorneys' fees incurred as of the date of filing, is less than $75,000."  Id. ¶ 19.

Plaintiffs moved to certify the class on November 6, 2017.  ECF No. 6-3.  On January 16, 2018, Plaintiffs filed a motion for summary judgment.  See ECF No. 6-18.  On January 17, 2018, the state court granted Plaintiffs' motion for class certification.  ECF No. 6-19.  On January 19, 2018, Defendants filed a motion to continue trial, seeking to continue the trial date of March 5, 2018.  ECF No. 6-20.

On February 1, 2018, Defendants removed the case to this Court asserting that this Court has jurisdiction under the

2

Class Action Fairness Act of 2005 ("CAFA").  ECF No. 1.

Plaintiffs filed the present Motion on March 2, 2018, seeking

remand and arguing that Defendants' removal was untimely because

it was filed more than thirty days after Defendants could first

ascertain removability under CAFA.

                              DISCUSSION

          Under CAFA, defendants can "remove class actions to

federal court if they meet three requirements."  Jordan v.

Nationstar Mortg. LLC, 781 F.3d 1178, 1179 (9th Cir. 2015).  The

three requirements are: (1) minimal diversity of citizenship

between the parties; (2) a proposed class of at least 100

members; and (3) the amount in controversy exceeds $5 million.

Id.; 28 U.S.C. § 1332(d).  For removal to be timely, a defendant

must remove a case within thirty days after receiving "a copy of

an amended pleading, motion, order or other paper" from which

removability may first be ascertained.  Carvalho v. Equifax Info.

Servs., LLC, 629 F.3d 876, 885 (9th Cir. 2010); 28 U.S.C.

§ 1446(b)(3).[2]  Further, unlike general removal cases, no

presumption against removal exists in cases invoking CAFA.  Dart

Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554

(2014) ("no antiremoval presumption attends cases invoking CAFA,

---

    [2] Plaintiffs do not argue that any grounds for removal were
evident in their First Amended Complaint; therefore, the other
30-day time limit for removal, set forth in 28 U.S.C.
§ 1446(b)(1), does not apply.

                                  3

which Congress enacted to facilitate adjudication of certain

class actions in federal court").

        Here, there is no dispute that minimal diversity

exists, that the proposed class consists of at least 100 members,

and that the amount in controversy exceeds $5 million.  The only

issue is whether removal was timely based on when Defendants knew

or should have known that Plaintiffs' claims exceeded the

jurisdictional threshold.  In the Ninth Circuit "a defendant does

not have a duty of inquiry if the initial pleading or other

document is 'indeterminate' with respect to removability."  Roth

v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121, 1125 (9th

Cir. 2013).  Rather, "the statute [only] 'requires a defendant to

apply a reasonable amount of intelligence in ascertaining

removability.'"  Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d

1136, 114 (9th Cir. 2013); see also Durham v. Lockheed Martin

Corp., 445 F.3d 1247, 1251 (9th Cir. 2006) ("[W]e don't charge

defendants with notice of removability until they've received a

paper that gives them enough information to remove.").  "Thus,

even if a defendant could have discovered grounds for

removability through investigation, it does not lose the right to

remove because it did not conduct such an investigation and then

file a notice of removal within thirty days of receiving the

indeterminate document."  Roth, 720 F.3d at 1125.  Plaintiffs

argue that removal is untimely because Defendants should have

4

been aware that the amount in controversy exceeded $5 million

based on (1) discovery produced by Defendant on April 3, 2017;

(2) deposition testimony provided by Defendants' corporate

representatives on October 18, 2017; and (3) Plaintiffs' Third

Motion for Class Certification, filed on November 6, 2017.  ECF

No. 10-1.

        First, the Court finds that the discovery produced by

Defendant and the deposition testimony provided by Defendants'

corporate representatives did not trigger the thirty-day time

period for removal under Section 1446(b)(3).  On April 3, 2017,

Defendants produced payroll data to Plaintiffs in response to

certain discovery requests.  See ECF No. 10-6.  As part of that

production of documents, Defendants produced documents that

reflected that the purported class members had been paid

$2,222,793.08 in service charges by Defendants for the relevant

time period.  Id. at 6 (stating that Defendants will produce a

list of current and former employees from January 21, 2010, to

March 8, 2016, "which shows their last known address, and the

amounts of service charges paid to them").  On October 18, 2017,

Plaintiffs took the depositions of three of Defendants' corporate

representatives, who testified that the $2.2 million amount

reflected in the discovery provided by Defendants was paid to

employees as wages.  See ECF No. 10-7.

        Plaintiffs argue that this document production and

testimony showed that the amount in controversy, including treble
damages, exceeded $5 million.  ECF No. 101 at 11.  Defendants
argue that the documents and witnesses produced by Defendant
cannot trigger the thirty-day removal period because that period
can only be triggered by receipt of a pleading, motion, or other
paper from Plaintiffs.  See ECF No. 13 at 14-15.  The Court
agrees with Defendants.

Under 28 U.S.C. § 1446(b)(3), the thirty day time for
removal is triggered "after receipt by the defendant, through
service or otherwise, of a copy of an amended pleading, motion,
order or other paper from which it may first be ascertained that
the case is one which is or has become removable."  28 U.S.C. §
1446(b)(3) (emphasis added).  The Ninth Circuit has held the time
limit under Section 1446(b)(3) applies to "a defendant who is put
on notice of removability by a plaintiff."  Roth, 720 F.3d at
1125.  Here, Defendants did not receive a pleading, motion, or
other paper from Plaintiffs.  Rather, Defendants provided
information through discovery to Plaintiff.  In the Ninth
Circuit, Defendants' knowledge of such information is
insufficient to trigger the thirty-day removal period under
Section 1446(b)(3).  See, e.g., Kuxhausen v. BMW Fin. Servs. NA
LLC, 707 F.3d 1136, 1141 (9th Cir. 2013).  Rather, the thirty-day
removal period is only triggered when Plaintiffs provide such
information to Defendants.  See Durham v. Lockheed Martin Corp.,

6

445 F.3d 1247, 1251 (9th Cir. 2006) ("we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove).  As explained by the Ninth Circuit in Roth, "[i]f plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained."  720 F.3d at 1126.

Second, the Court finds that Plaintiffs' Third Motion for Class Certification, filed on November 6, 2017, did trigger the thirty-day time period for removal under Section 1446(b)(3).  Plaintiffs moved to certify the class on November 6, 2017.  See ECF No. 6-3.  In that motion, Plaintiffs discussed the issue of damages and stated that Defendant "allocated all of the 'minimum' service charge to its employees' wages, paying out none of it to the workers as tips."  Id. at 5.  Further, in the motion for class certification, Plaintiffs stated that "the question of damages is common to the entire class and simply apportioned according to law and the Defendants' payroll records of the 122 service employees which they concede that they 'allocated' $2.2M in service charge wages disguised as 'tips.'"  Id. at 9.  Plaintiffs' motion to certify also attached Defendants' payroll record and the deposition testimony of its corporate

7

representatives.  Id. at 39-44, 50-57.

The Court is unpersuaded by Defendants' arguments that they did not know that the $2.2 million in service charges paid to the class employees as wages discussed in Plaintiffs' motion for class certification would form the basis of Plaintiffs' claim for damages.  See ECF No. 13 at 5.  The Hawaii Supreme Court has expressly stated that under Hawaii Revised Statutes Section 481B-14 "the service charges must be distributed to the employee as 'tip income.'"  Kawakami v. Kahala Hotel Inv'rs, LLC, 341 P.3d 558, 564 (Haw. 2014).  Defendants do not dispute that the $2.2 million in service charges was paid to the class as wages during the time period at issue.  See ECF No. 13 at 7 ("the testimony in the depositions was that the $2.2 million paid to employees was paid as wages").  Hawaii law is clear that employers must "distribute one-hundred percent of the service charge to employees as 'tip income'."  See Gurrobat v. HTH Corporation, 323 P.3d 792, 809 (Haw. 2014).  Defendants do not assert that the $2.2 million was paid as tip income.

The Court rejects Defendants' argument that they had to engage in guesswork, conjecture, or extrapolation to determine Plaintiffs' theory of damages.  See ECF No. 13 at 20-21.  The First Amended Complaint states that Plaintiffs' damages are "the wrongfully withheld service charges."  See ECF No. 5-4 ¶ 19.  Plaintiffs' motion for class certification states in part that "a

total of $2.2M service charge payments were allocated to employee

wages under the guise of 'tips.'"   ECF No. 6-3 at 5.   Based on

this stated amount of service charges at issue, it was evident

that the amount in controversy, which includes Plaintiffs'

request for treble damages, exceeded $5 million.   Defendants

argue that the amount <u>not</u> paid to employees should be the basis

for damages, not the amount that was actually paid to employees.

<u>See</u> ECF No. 13 at 5.   Defendants cite <u>Gurrobat</u> in support of this

argument.   <u>Id.</u>   However, the Hawaii Supreme Court's express

language in that decision undermines Defendants' argument.   In

<u>Gurrobat</u>, the Hawaii Supreme Court stated that the defendants

"were required to distribute one-hundred percent of service

charge income to non-management service employees who provided

the services."   <u>See</u> <u>Gurrobat</u>, 323 P.3d at 808.   Here, one-hundred

percent of the service charge includes the amount already paid to

employees as wages instead of tips.   Based on the information

provided in Plaintiffs' Third Motion for Class Certification

regarding the $2.2 million in service charges at issue, the Court

finds that Plaintiffs provided Defendants with information that

revealed the amount in controversy and triggered the deadline for

removal.   Because the Court finds that the thirty-day removal

period was triggered by the receipt of Plaintiff's third motion

for class certification on November 6, 2017, Defendants' Notice

of Removal, filed on February 1, 2018, was untimely.

CONCLUSION

The Court finds that Defendants did not properly remove this action and recommends that the district court GRANT Plaintiffs' Motion for Remand.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 18, 2018.



_____
Richard L. Puglisi
United States Magistrate Judge

**BARTHOLOMA V. MARRIOTT BUSINESS SERVICES, ET AL., CIVIL NO. 18-00044 JMS-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND**